IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY L. JACKSON,

        Plaintiff,                        No. CIV S-05-1465 LKK KJM P

   vs.

C.L. PARKS, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Parks has filed a motion to dismiss in which he asserts plaintiff has failed to exhaust administrative remedies with respect to plaintiff's remaining claim.

I. Standard

       A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

/////

1

   The exhaustion requirement is rooted in the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

II. Plaintiff's Allegations

   Plaintiff alleges defendant Parks retaliated against plaintiff because plaintiff filed a prisoner grievance against Parks. Am. Compl. at 7-8.

III. Analysis

   Defendant Parks argues that plaintiff failed to complete the prisoner grievance process with respect to the claim brought in this action. Mot. at 5. In support of his argument, defendant Parks presents the affidavit of N. Grannis, an employee of CDCR who serves as the Chief of the Inmate Appeals Branch (IAB) in Sacramento, California. Mot., Ex. A. Grannis indicates plaintiff did not file a Director's Level Appeal with respect to the claim against defendant Parks identified above. Id.

/////

/////

/////

In response to defendant's motion, plaintiff argues that he submitted an a grievance to the Director's Level. Opp'n at 1.[1]  To support this assertion, plaintiff includes a mail log and a copy of a judgment handed down by the Ninth Circuit Court of Appeals in an unrelated case. Id., Ex. F.  However, the mail log and copy of the judgment do not show that plaintiff submitted a grievance for "Director's Level Review" with respect to the claim remaining in this action. Id.

Based upon the record before the court, plaintiff has not exhausted or attempted to exhaust administrative remedies with respect to the claim remaining against defendant Parks prior to plaintiff's bringing this action.  Accordingly, this case must be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' March 9, 2007 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2007.

_____
U.S. MAGISTRATE JUDGE

1/jack1465.57

---

[1] Plaintiff's opposition is mistitled a "Motion to Grant Summary Judgment," but is nevertheless properly styled an opposition.